IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JAMES ANTHONY HUNTER,** § | |
| § | |
| § | **CIVIL ACTION NO. 6:23-CV-00535-JCB** |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **SMITH COUNTY, TURN KEY HEALTH,** § | |
| **SMITH COUNTY JAIL; AND SMITH** § | |
| **COUNTY JAIL,** § | |
| § | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On October 26, 2023, Plaintiff James Hunter, an inmate currently confined at Rusk State Hospital, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the action. (Doc. No. 3.)

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

1

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**A. Plaintiff's Complaints**

In his original complaint, Plaintiff alleged violations of his rights by Smith County and by Turn Key Medical, the private provider of medical care for inmates in the Smith County Jail. (Doc. No. 1.) Plaintiff alleged that in October of 2022, surgery was forcibly performed on him for inserting a foreign object in his penis, though Plaintiff claims he did not do so. *Id.* at 5–6. Plaintiff

2

alleges that he was bleeding and had an open wound and Nurse Tiffany refused to do anything for him, but Captain Martin ordered him sent back to the hospital. *Id.* at 7–8. Dr. Wegener, who did the initial surgery, told him that he would need reconstructive plastic surgery but that he, Dr. Wegener, would not be doing it. *Id.* at 9. Plaintiff saw another physician at the University of Texas Health Medical Group in Tyler who said that he did not see that the initial surgery was necessary and said that Plaintiff was a good candidate for reconstructive surgery; however, neither Smith County nor Turn Key Medical will approve the procedure. *Id.* at 9–11.

Based on these factual allegations, the court ordered Plaintiff to file an amended complaint in accordance with Federal Rule of Civil Procedure 8(a). (Doc. No. 5.) The court provided Plaintiff clear guidelines on amending his pleading and mailed him a standard § 1983 lawsuit form on which to amend his pleadings. *Id.* On November 20, 2023, Plaintiff filed his amended complaint in this matter. (Doc. No. 7.)

In his amended complaint, Plaintiff sues the Smith County Jail, Turn Key Health, and Smith County Sheriff Larry Smith. (Doc. No. 7.) Plaintiff again refers to his surgery during the second week of October 2022. *Id.* at 5. Plaintiff states that Defendants forced him to have penis surgery against his will. *Id.* Plaintiff states that he had complications from surgery that involved, *inter alia*, pain and bleeding, issues with urination, sexual dysfunction, and the inability to procreate. *Id.* Plaintiff also states that he has been the subject of verbal jokes and harassment by Turn Key Health and Smith County personnel. *Id.* Plaintiff states that Turn Key Health refused to provide him counseling and mental health care. *Id.* Plaintiff states that after Dr. Wegener did the surgery, Turn Key had Smith County officials hold Plaintiff down to remove dissolvable stiches. *Id.* at 6. Plaintiff states that they did not provide him wound care and denied him showers to prevent infection. *Id.* at 7. Plaintiff states that Turn Key also denied him a catheter. *Id.* at 8. Plaintiff states

that he has refused water pills for his edema to avoid urinating and that he has inflicted more self-harm to cope with his present situation. *Id.* at 8. Plaintiff says that he was advised by Dr. Armstrong at UT Health that he would need reconstructive surgery but that Smith County and Sheriff Larry Smith will not approve it. *Id.* Plaintiff suggests that both the initial surgery and refusal to allow reconstructive surgery are in retaliation for his prior acts of inserting objects in his urethra. *Id.* at 9. Plaintiff states that this is cruel and unusual punishment under the Eighth Amendment and he requests that the court order his requested treatments as well as $100,000,000 in damages. *Id.*

### B. Discussion

Plaintiff's allegations, as pleaded, fail to state a claim against Defendants. In order to state a cause of action under 42 U.S.C. § 1983, the complaint must allege that (1) the conduct in controversy was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994). Plaintiff sues only the following Defendants: Smith County Jail, Turn Key Medical Health, and Sheriff Larry Smith.

#### a. Defendant Smith County Jail

Plaintiff purports to sue Smith County Jail for the jail's involvement in his medical care, but "[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *LeBouef v. Terrebonne Par. Crim. Just. Complex*, No. CV 20-2260, 2021 WL 1200774, at *2 (E.D. La. Mar. 1, 2021), *report and recommendation adopted*, No. CV 20-2260, 2021 WL 1198259 (E.D. La. Mar. 30, 2021) (quoting *Coleman v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013)); *see also Rathmann v. Mississippi Dep't of Corr.*, No . 3:20-CV-33-KHJ-LGI, 2021 WL 310972, at *2 (S.D. Miss. Jan. 29, 2021)

("Numerous courts have held a prison or jail are not entities that can be sued under Section 1983 . . . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term.") (punctuation and citation omitted). Accordingly, the Smith County Jail itself is not subject to suit under Section 1983, and Plaintiff's claim against the jail must be dismissed.

### b. Defendant Turn Key Medical Health

Plaintiff also named Turn Key Medical related to claims based upon medical care that he received while at Smith County Jail. Although Plaintiff has not alleged sufficient facts to allow the court to determine that Turn Key Medical Health is a state actor, giving liberal interpretation to his allegations, courts have held that private entities that contract to provide medical services to inmates in a correctional facility perform a traditional state function and therefore can be considered state actors subject to liability under § 1983 with respect to those services. *West v. Atkins*, 487 U.S. 42, 57 (1988) (holding that a physician who was under contact with the state to provide medical services to inmates at a state-prison hospital delivery acted under color of state law for purposes of § 1983); *Bishop v. Karney*, 408 F. App'x 846, 848 (5th Cir. 2011) ("[a] private doctor under contract with a state prison to provide medical care to prisoners is considered a state actor because his action in providing medical care to prisoners is fairly attributable to the state"); *Doe v. Steward Health Care Sys. LLC*, 2018 WL 4233816, at *7 (S.D. Tex. July 31, 2018) (collecting cases).

Assuming that Turn Key Medical is a state actor based upon the alleged acts of rendering medical services to Plaintiff while he was at Smith County Jail, Turn Key would be treated as a municipal or local government entity for purposes of 42 U.S.C. §1983 and the claims against it would be analyzed under *Monell*. *Guillotte v. Knowlin*, No. CV 21-1422, 2021 WL 7632004, at *2 (E.D. La. Dec. 7, 2021), *report and recommendation adopted*, No. CV 21-1422, 2022 WL 355509

(E.D. La. Feb. 7, 2022); *see also Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 602 n. 3 (5th Cir. 1988) (finding that a corporation can be liable under § 1983 if there is a showing of official sanction of the conduct or practice at issue). Under *Monell*, a local government may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2038, 56 L.Ed.2d 611 (1978); *see also Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012) ("municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom.") Here, Plaintiff has not alleged any policy or custom on the part of Turn Key Health which deprived him of a constitutional right, and as such, he has not stated a claim upon which relief may be granted against Turn Key Health.

   c.  **Defendants Larry Smith and Smith County**

Plaintiff also sues Smith County Sheriff Larry Smith for refusing to approve his reconstructive surgery. (Doc. No. 7, at 8.) Thus, Plaintiff appears to be suing Sheriff Larry Smith based upon his personal involvement in denying medical care.

The Fifth Circuit has established that the "deliberate indifference" standard applies to a pretrial detainee's claims involving denial or delay of medical care under § 1983. *Hare v. City of Corinth, Mississippi*, 74 F.3d 633, 647–48 (5th Cir. 1996) (en banc). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise

6

"to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm, but responds with deliberate indifference to that risk. *Hare*, 74 F.3d at 647–48. In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy v. Shaw*, 357 F. App'x 607, 609 (5th Cir. 2009) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Here, Plaintiff alleges that Sheriff Smith denied him access to reconstructive surgery, resulting in deliberate indifference. Plaintiff's allegations fail to state a claim because he has not alleged that Sheriff Smith was actually aware of any issues Plaintiff was having urinating, or otherwise, post-surgery, such that he could have appreciated any risk of serious harm to Plaintiff by denying him access to reconstructive surgery. *Hare*, 74 F.3d at 647–48. Indeed, Plaintiff's allegations fail to elaborate what serious harm would result if he did not have the surgery. Plaintiff submits the notes from Dr. Armstrong that states that Plaintiff is a good candidate for urethroplasty, but Dr. Armstrong's notes do not state what risk of serious harm exists to Plaintiff if he were not to have the surgery. (Doc. No. 7-1.) Moreover, Plaintiff further does not state that Sheriff Smith was ever made aware of Dr. Armstrong's finding that Plaintiff would be a good candidate for

7

reconstructive surgery. For these reasons, Plaintiff has not stated a claim for deliberate indifference against Sheriff Smith.

Further, to the extent Plaintiff actually intended to sue Sheriff Smith in his official capacity as sheriff in this case, Plaintiff's allegations are also insufficient. "When a plaintiff sues a county or municipal official in [his] official capacity, the county or municipality is liable for the resulting judgment and, accordingly," the suit is treated as a suit against the county or the municipality. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996); *see Brooks v. George County, Miss.*, 77 F.3d 834, 841 (5th Cir.1996) (holding that a suit against a sheriff in his official capacity is treated as a claim against the county). Thus, any such claim by Plaintiff would again be subject to *Monell*. 436 U.S. at 694. Plaintiff has not alleged any policy or custom on the part of Sheriff Smith or Smith County that deprived him of a constitutional right, and as such, he has not stated a claim upon which relief may be granted against Smith County or Sheriff Smith.

Finally, Plaintiff's complaint in part seeks injunctive relief that the county provide him the treatment he requests. As Plaintiff is no longer an inmate at the Smith County Jail and has since been transferred to Rusk State Hospital, his request for injunctive relief is moot. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("Herman's transfer from the [East Carroll Detention Center] to the Dixon Correctional Institute in Jackson, Louisiana, rendered his claims for declaratory and injunctive relief moot.").

### d. Other Individuals

Without naming them to the suit, Plaintiff's factual allegations refer to a few individual doctors and nurses involved in his medical care. Plaintiff, however, has not sued any of these individuals despite having been explicitly instructed to include in his amended complaint the "individual, individuals, or entities whom the Plaintiff wishes to name as defendants in this

lawsuit." (Doc. No. 5, at 2.) Moreover, upon review of the factual allegations, the facts do not appear to give rise to any viable claim for a violation of constitutional rights by any of these individuals.

### C. Conclusion

Having conducted screening pursuant to § 1915A, the court finds that Plaintiff's claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The dismissal of this action on these recommendations counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

Accordingly, it is **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to 28 U.S.C. §1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 29th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE