UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00535

**James Anthony Hunter,**
*Plaintiff,*

v.

**Smith County et al.,**
*Defendants.*

### ORDER

Plaintiff James Hunter, an inmate confined in the Smith County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. The case was referred to United States Magistrate Judge Love pursuant to 28 U.S.C. § 636(b)(1) for all pretrial purposes, including proposed findings of fact and recommendations for disposition. Doc. 3. After ordering plaintiff to amend his complaint, Judge Love undertook screening of the instant action pursuant to 28 U.S.C. § 1915A. Section 1915A requires the court to identify cognizable claims in a prisoner's complaint and dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. On April 29, 2024, Judge Love issued a report and recommendation recommending that plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). Doc. 10. Plaintiff filed an objection. Doc. 12.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Plaintiff objects only to the magistrate judge's recommendation that plaintiff's request for injunctive relief is moot because he had been moved from the Smith County Jail to Rusk State Hospital. Doc. 12. Plaintiff contends that he completed his treatment at Rusk State Hospital and is set to be transferred back to Smith

County any time between now and July. *Id.* On May 24, 2024, plaintiff filed his notice of change of address from Rusk State Hospital to Smith County Jail, indicating that he has since been transferred back to Smith County. Doc. 13.

Plaintiff has failed to address the magistrate judge's underlying conclusion that he has failed to state a claim upon which relief may be granted against any named defendant. Indeed, plaintiff does not object to any of the magistrate judge's findings underlying the magistrate judge's conclusion that plaintiff failed to state a claim. The fact that his injunctive relief may no longer be moot does not change the outcome of the screening of plaintiff's claims pursuant to 28 U.S.C. § 1915A because plaintiff is not entitled to any relief unless he first states a claim.

The court therefore reviews these conclusions only for clear error. *Douglass*, 79 F.3d at 1420. Having reviewed the magistrate judge's report (Doc. 10) and being satisfied that it contains no clear error with respect to plaintiff's asserted claims against defendants, the court accepts these findings and recommendations.

Accordingly, this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of this action under § 1915A(b)(1) counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Plaintiff is warned that if he accumulates three strikes, he will not be permitted to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). All motions pending in this civil action are denied as moot.

*So ordered by the court on July 29, 2024.*

J. CAMPBELL BARKER
United States District Judge